DAPONDE SIMPSON ROWE PC
EUNICE C. MAJAM-SIMPSON (SBN 232450)
emajam-simpson@dsrhealthlaw.com
DARCY L. MUILENBURG (SBN 233787)
dmuilenburg@dsrhealthlaw.com
500 Capitol Mall, Suite 2260
Sacramento, California 95814
Telephone: (916) 840-5602
Facsimile: (916) 840-5599

Attorneys for Defendants
HUMANA INSURANCE COMPANY
and HUMANA INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD HEALTH CARE, a California nonprofit public benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>HUMANA INSURANCE COMPANY, INC., a Wisconsin for-profit corporation; HUMANA, INC., a Delaware for-profit corporation; and DOES 1 THROUGH 25, INCLUSIVE,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**<br><br>Complaint Filed: September 28, 2018<br>Trial Date: Not Yet Scheduled |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE THAT Defendants HUMANA INSURANCE COMPANY and HUMANA INC. (collectively, "Humana"), hereby remove this action from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California, and set forth in support of their Notice of Removal of Action the following:

1. On or about September 28, 2018, Plaintiff Stanford Health Care ("Plaintiff") commenced an action in the Superior Court of California, County of Santa Clara, entitled *Stanford Health Care v. Humana Insurance Co., Inc., Humana, Inc., and Does 1-25*, as Case No. 18CV335624. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. Stanford served Humana with a copy of the Summons and Complaint on October 5, 2018. A true and correct copy of the Summons and Notice of Service of Process are attached hereto as Exhibits B and C, respectively.

3. This action is a civil matter of which this Court has original jurisdiction under 28 U.S.C. section 1332 and is one that may be removed to this Court by Humana pursuant to the provisions of 28 U.S.C. section 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Complete diversity of citizenship exists between the parties. Plaintiff was at the time it filed this action and is a corporation incorporated under the laws of the State of California, with its principal place of business in Santa Clara County, California. Exh. A, Compl. ¶ 1. Defendant Humana Insurance Company was at the time Plaintiff filed this action and still is a corporation incorporated under the laws of the State of Wisconsin, having its principal place of business in DePere, County of Brown, State of Wisconsin. Exh. A, Compl. ¶ 2; Declaration of Joseph C. Ventura in Support of Defendants' Notice of Removal ("Ventura Decl.") ¶ 2. Defendant Humana Inc. was at the time Plaintiff filed this action and still is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in Louisville, County of Jefferson, Commonwealth of Kentucky. Exh. A, Compl. ¶ 3; Ventura Decl. ¶ 3.

5. Plaintiff's lawsuit includes causes of action for: (1) breach of written contract; and (2) quantum meruit. Plaintiff alleges damages, exclusive of interest and costs, for these causes of action of at least $188,477.02. Exh. A, Compl. ¶¶ 17, 25, 27, 28, 34. In addition, Plaintiff alleges that it is entitled to all costs associated with the filing of its lawsuit, as well as fifteen percent interest (15%) on the principal amounts allegedly owed under California Health and Safety Code section 1371 or, in the alternative, ten percent interest (10%) pursuant to California Civil Code section 3289. Exh. A., Compl. at pp. 8-9.

DATED: November 5, 2018

DAPONDE SIMPSON ROWE PC

By: */s/ Eunice C. Majam-Simpson*

EUNICE C. MAJAM-SIMPSON
DARCY L. MUILENBURG
Attorneys for Defendants
HUMANA INSURANCE COMPANY and
HUMANA INC.

# EXHIBIT A

E-FILED
9/28/2018 2:50 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV335624
Reviewed By: V. Taylo

LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN, INC.
JOY STEPHENSON-LAWS, ESQ. (SBN 113755)
BARRY SULLIVAN, ESQ. (SBN 136571)
RICHARD A. LOVICH, ESQ. (SBN 113472)
KARLENE J. ROGERS-ABERMAN, ESQ. (SBN 237883)
JIN HEE PARK, ESQ. (SBN 309941)

303 N. Glenoaks Blvd., Suite 700
Burbank, CA 91502

Telephone: (818) 559-4477
Facsimile: (818) 559-5484

Attorneys for Plaintiff
STANFORD HEALTH CARE

SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

| | |
|---|---|
| STANFORD HEALTH CARE, a California nonprofit public benefit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HUMANA INSURANCE COMPANY, INC., a Wisconsin for-profit corporation; HUMANA, INC., a Delaware for-profit corporation; and DOES 1 THROUGH 25, INCLUSIVE,<br><br>Defendants. | Case No.: 18CV335624<br><br>[Demand in excess of $25,000]<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. BREACH OF WRITTEN CONTRACT;<br><br>2. COMMON COUNTS – *QUANTUM MERUIT*. |

////

## PARTIES

1. Plaintiff Stanford Health Care ("Stanford Hospital") is a non-profit public benefit corporation organized and existing pursuant to the laws of the State of California. Stanford Hospital has its principal place of business in the community of Stanford, County of Santa Clara, State of California. Stanford Hospital provides medical care to patients.

2. Defendant Humana Insurance Company, Inc. ("HIC") is a for-profit corporation qualified to do business in the State of California, organized and existing pursuant to the laws of Wisconsin. HIC has its principal place of business in Louisville, County of Jefferson, State of Kentucky. HIC is in the business of arranging for the provision of health care services to its enrollees and/or paying for or reimbursing part or all of the cost for those services.

3. Defendant Humana, Inc. is a for-profit corporation qualified to do business in the State of California, organized and existing pursuant to the laws of Delaware. Humana Inc. has its principal place of business in Louisville, County of Jefferson, State of Kentucky. Humana Inc. is in the business of arranging for the provision of health care services to its enrollees and/or paying for or reimbursing part or all of the cost for those services.

4. Stanford Hospital is unaware of the true names and capacities, whether corporate, associate, individual, partnership or otherwise of defendants Does 1 through 25, inclusive, and therefore sues such defendants by such fictitious names. Stanford Hospital will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

5. HIC, Humana Inc., and Does 1 through 25, inclusive, shall be collectively referred to as "Humana."

6. Defendants, and each of them, at all relevant times, have transacted business in the State of California. The violations alleged within this complaint have been and are being carried out in the State of California.

7. At all relevant times each of the defendants, including the defendants named "Doe," was and is the agent, employee, employer, joint venturer, representative, alter ego, subsidiary, and/or partner of one or more of the other defendants, and was, in performing the acts complained of herein, acting within the scope of such agency, employment, joint venture, or partnership authority, and/or is in some other way responsible for the acts of one or more of the other defendants.

## COMMON FACTUAL BACKGROUND

8. On various dates indicated on **Exhibit A**, Stanford Hospital provided medically necessary services, supplies and/or equipment to patients identified on the spreadsheet attached as **Exhibit A**[1] to this complaint (and which is incorporated herein by this reference as though set forth in full) (the "Patients"), who were members of a health plan sponsored, administered and/or financed by Humana.

9. Stanford Hospital entered into a signed, written Letter of

[1] Stanford Hospital has limited disclosure of patient identification here pursuant to the privacy provisions of the Health Insurance Portability & Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320 *et seq.*, and the California Constitution, art. 1 § 1.

Agreement ("LOA") effective March 15, 2013. Stanford Hospital is informed and believes, and thereon alleges, that the LOA was in effect during all dates and times referenced herein.

10. Pursuant to the LOA, Stanford Hospital agreed to provide medically necessary services to the members of Humana. In exchange, Humana promised to pay Stanford Hospital, at a rate set forth in the LOA.

11. At all relevant times, the Claims were governed by the terms of the LOA.

12. Stanford Hospital contacted Humana and/or its agents to ascertain whether or not Humana or its principal was responsible for the costs associated with the medically necessary services, supplies and/or equipment rendered to Patients. In response, Humana's agent verified to Stanford Hospital the relevant insurance verification and insurance coverage eligibility information for Patients under Humana's health plan.

13. At all relevant times, Humana held itself out to be the responsible payor for the services provided to Patients.

14. Stanford Hospital's usual and customary charges for the medically necessary services, supplies and/or equipment rendered to the Patients totaled at least $401,087.75.

15. Pursuant to Reimbursement Attachment A of the LOA, Stanford Hospital timely and properly submitted to Humana, and/or its agent, at the address provided by Humana its bill for the medically necessary services,

supplies and/or equipment rendered to the Patients, for payment by Humana.

16. Rather than properly paying Stanford Hospital at the for the medically necessary services, supplies and/or equipment Stanford Hospital rendered to the Patients, Humana failed to properly pay.

17. Despite timely demand for full payment, Humana refused and continues to refuse to properly pay Stanford Hospital for the medically necessary services, supplies and/or equipment Stanford Hospital rendered to the Patients. As a result, Stanford Hospital suffered damages in an amount to be proven at trial but not less than the sum of $188,477.02, exclusive of interest.

**FIRST CAUSE OF ACTION**

(Breach of Written Contract)

(Against defendant Humana

(and/or including Does 1 through 25, inclusive))

18. Stanford Hospital incorporates by reference and re-alleges paragraphs 1 through 17 here as though set forth in full.

19. As stated above, under the LOA, Stanford Hospital agreed to provide medically necessary services to Humana' enrollees, in exchange, for which Defendants agreed to pay Stanford Hospital for the services rendered.

20. Stanford Hospital provided medically necessary services to Patients and performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the LOA.

21. Stanford Hospital timely and properly billed Humana for the medically necessary services, supplies and/or equipment it rendered to Patients.

22. Stanford Hospital demanded that Humana and/or their agent perform their obligation to properly reimburse Stanford Hospital for the medically necessary services, supplies and/or equipment rendered to Patients.

23. Humana breached the LOA by failing to pay Stanford Hospital the amount due for the medically necessary services, supplies and/or equipment rendered to Patients, without excuse.

24. Stanford Hospital's usual and customary charges for the medically necessary services, supplies and/or equipment rendered to Patients amounted to $401,087.75.

25. Under the LOA, Humana agreed to pay according to the Contract Rates. The outstanding amount due under the Contract Rates amounted to $188,477.02.

26. Humana failed to properly pay Stanford Hospital for the medically necessary services rendered to Patients, despite demands thereof.

27. As a result of the breach of the LOA by Humana, Stanford Hospital suffered damages in an amount to be proven at trial but not less than the sum of $188,477.02, exclusive of interest.

28. As a result of the breaches by Humana, Stanford Hospital suffered damages in an amount of $188,477.02, exclusive of interest.

**SECOND CAUSE OF ACTION**

(*Quantum Meruit*)

(Against defendant Humana

(and/or including Does 1 through 25, inclusive))

29. Stanford Hospital incorporates by reference and re-alleges paragraphs 1 through 17 here as though set forth in full.

30. Based upon Humana's, and/or Humana's enrollee's special request and insistence, Stanford Hospital rendered medical care to Patients as described above. The usual and customary value of the medical care so rendered was $401,087.75.

31. The medically necessary services, supplies and/or equipment rendered to Patients permitted Humana to meet its duties and obligations under Humana's health plan contract with its enrollees. Thus, Humana realized a benefit from the medically necessary services, supplies and/or equipment rendered to Patients rendered by Stanford Hospital.

32. Humana was aware of the benefit it realized from the labor, equipment, and materials so rendered by Stanford Hospital and Humana accepted and enjoyed such benefit without protest.

33. It would be inequitable to allow Humana to retain the value of the labor, equipment, and materials without properly paying for the full value of said labor, equipment, and materials.

34. Although properly and timely billed, Humana has made no

payments or underpaid the Claims, leaving a balance of $395,742.99 which represents the usual and customary value for the services provided by Stanford Hospital to Patients.

## PRAYER FOR RELIEF

**WHEREFORE**, Stanford Hospital prays for judgment as follows:

For the First Causes of Action:

1. For the principal sum of $188,477.02;

2. for interest on such principal sum at the rate of fifteen percent (15%) per annum, pursuant to Cal. Health & Safety Code § 1371; or, in the alternative, for interest on such principal sum at the rate of 10% per annum, pursuant to Cal. Civ. Code § 3289;

For the Second Cause of Action:

3. For the principal sum of $395,742.99;

4. for interest on such principal sum at the rate of fifteen percent (15%) per annum, pursuant to Cal. Health & Safety Code § 1371; or, in the alternative, for interest on such principal sum at the rate of 10% per annum, pursuant to Cal. Civ. Code § 3289;

For all Causes of Action

5. for all costs of suit incurred herein; and,

6. for such other and further relief as the Court deems just and proper.

Dated: September 28, 2018

STEPHENSON, ACQUISTO & COLMAN

JIN HEE PARK
Attorneys for
STANFORD HEALTH CARE

# EXHIBIT A

STANFORD HEALTH CARE

FC 22577

| No. | Last Name | First Name | Admit Date | Discharge Date | Patient ID | Total Charges | Underpaid |
|---|---|---|---|---|---|---|---|
| 1 | H | M | 6/23/2014 | 6/30/2014 | 011139472 | $201,808.00 | $94,382.54 |
| 2 | H | J | 10/12/2015 | 10/28/2015 | H46785704 | $83,471.00 | $53,720.89 |
| 3 | K | E | 4/14/2016 | 4/15/2016 | H59512137 | $78,679.97 | $14,719.00 |
| 4 | O | O | 8/15/2014 | 8/15/2014 | 010137720 | $37,128.78 | $25,654.59 |

# EXHIBIT B

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

E-FILED
9/28/2018 2:50 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV335624
Reviewed By: V. Taylor
Envelope: 2003277

**NOTICE TO DEFENDANT:** HUMANA INSURANCE COMPANY, INC., a
***(AVISO AL DEMANDADO):*** Wisconsin for profit-corporation; HUMANA, INC., a Delaware for-profit corporation; and DOES 1 THROUGH 35, INCLUSIVE

c/o Corporation Service Company
251 Little Falls Dr Wilmington DE 19808

**YOU ARE BEING SUED BY PLAINTIFF:** STANFORD HEALTH CARE, a
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** California nonprofit public benefit corporation

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SANTA CLARA SUPERIOR COURT
191 N. First Street
San Jose, CA 95113

CASE NUMBER:
*(Número del Caso):*
18CV335624

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jin Hee Park, Esq./S.B.N. 309941 818-559-4477 818-559-5484
Law Offices of Stephenson, Acquisto & Colman, Inc.
303 N. Glenoaks Blvd., Suite 700
Burbank, CA 91502

DATE: *(Fecha)* 9/28/2018 2:50 PM Clerk of Court  Clerk, by *(Secretario)* V. Taylor, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: HUMANA, INC., a Delaware for-profit corporation

under: [X] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:

4. [ ] by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

# EXHIBIT C

CSC

null / ALL
Transmittal Number: 18799583
Date Processed: 10/08/2018

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Elizabeth Monohan<br>Humana Inc.<br>500 West Main Street<br>Louisville, KY 40202 |
| **Electronic copy provided to:** | Wendy Enfors<br>Kara Vogelsang<br>Joyce King<br>Mary McGuire<br>Eric Holdridge<br>Glicelda Bradford<br>Dora Menard<br>Kara Wort<br>Lori Mattingly |

| | |
|---|---|
| **Entity:** | Humana Inc.<br>Entity ID Number 1759354 |
| **Entity Served:** | Humana, Inc. |
| **Title of Action:** | Stanford Health Care vs. Humana Insurance Company, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Santa Clara County Superior Court, California |
| **Case/Reference No:** | 18CV335624 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 10/05/2018 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Jin Hee Park<br>818-559-4477 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Sacramento, State of California. My business address is 500 Capitol Mall, Suite 2260, Sacramento, CA 95814.

On November 5, 2018, I served a true copy of the following document described as: **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** on the interested parties in this action as follows:

Joy Y. Stephenson, Esq.
Barry Sullivan, Esq.
Richard A. Lovich, Esq.
Karlene J. Rogers-Aberman, Esq.
Jin Hee Park, Esq.
Stephenson, Acquisto & Colman
303 N. Glenoaks Blvd., Suite 700
Burbank, CA 91502

*Attorneys for Plaintiffs*
*Stanford Health Care, a California nonprofit public benefit corporation, et al.*

☒ **BY MAIL**: I enclosed said document in a sealed envelope addressed to the persons at the addresses listed herein and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Daponde Simpson Rowe PC's practice for collecting and processing mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 5, 2018, at Sacramento, California.

*/s/ Laurie Westoby*
LAURIE WESTOBY