DAPONDE SIMPSON ROWE PC
EUNICE C. MAJAM-SIMPSON (SBN 232450)
emajam-simpson@dsrhealthlaw.com
DARCY L. MUILENBURG (SBN 233787)
dmuilenburg@dsrhealthlaw.com
500 Capitol Mall, Suite 2260
Sacramento, California  95814
Telephone:     (916) 840-5602
Facsimile:     (916) 840-5599

Attorneys for Defendants
HUMANA INSURANCE COMPANY
and HUMANA INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD HEALTH CARE, a California nonprofit public benefit corporation<br><br>Plaintiff,<br><br>v.<br><br>HUMANA INSURANCE COMPANY, a Wisconsin for-profit corporation; HUMANA, INC., a Delaware for-profit corporation; and DOES 1 THROUGH 25, INCLUSIVE<br><br>Defendants. | Case No.: 5:18-cv-06706-SVK<br><br>Assigned to: Honorable Susan van Keulen<br><br>**DEFENDANTS HUMANA INSURANCE COMPANY AND HUMANA INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>Complaint Filed:  September 28, 2018<br>Removal Filed:  November 5, 2018<br>Trial Date:  Not Yet Scheduled |

Defendants HUMANA INSURANCE COMPANY and HUMANA INC. ("Defendants") answer Plaintiff's Complaint for Damages (hereinafter "Complaint") as follows:

**PARTIES**

1.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 and on that basis deny those allegations.

2.   Defendants admit all allegations in Paragraph 2 of the Complaint, except the allegation that Humana Insurance Company ("HIC") is "qualified to do business in the State of California," which is a legal conclusion to which no response is required.

3.     Defendants admit that Humana Inc. ("Humana") is a for-profit corporation organized and existing pursuant to the laws of the State of Delaware with its principal place of business in Louisville, County of Jefferson, State of Kentucky.  The allegation that Humana is "qualified to do business in the State of California" is a legal conclusion to which no response is required.  Defendants deny the remaining allegations in Paragraph 3.

4.     Paragraph 4 does not contain any allegations; rather, it contains rationale for the naming of DOE defendants.  Out of an abundance of caution, Defendants deny each and every allegation contained in Paragraph 4.

5.     Paragraph 5 does not contain any allegations.  Out of an abundance of caution, Defendants deny each and every allegation contained in Paragraph 5.

6.     Defendants admit that they have transacted business in the State of California.  Defendants deny the remaining allegations in Paragraph 6.

7.     Paragraph 7 consists of legal conclusions only to which no response is required.  Out of an abundance of caution, Defendants deny each and every allegation in Paragraph 7.

## COMMON FACTUAL BACKGROUND

8.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 and on that basis deny those allegations.

9.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 and on that basis deny those allegations.

10.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 and on that basis deny those allegations.

11.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 and on that basis deny those allegations.

12.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 and on that basis deny those allegations.

13.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 and on that basis deny those allegations.

14.    Defendants are without sufficient knowledge or information to form a belief as to

the truth of the allegations contained in Paragraph 14 and on that basis deny those allegations.

15. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 and on that basis deny those allegations.

16. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 and on that basis deny those allegations.

17. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 and on that basis deny those allegations.

**FIRST CAUSE OF ACTION**

18. With respect to Paragraph 18 of the Complaint, which incorporates by reference Paragraphs 1 to 17, Defendants' responses to Paragraphs 1 to 17 remain the same.

19. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 and on that basis deny those allegations.

20. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 and on that basis deny those allegations.

21. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 and on that basis deny those allegations.

22. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 and on that basis deny those allegations.

23. Paragraph 23 consists of legal conclusions only to which no response is required. Out of an abundance of caution, Defendants deny each and every allegation in Paragraph 23.

24. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 and on that basis deny those allegations.

25. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 and on that basis deny those allegations.

26. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 and on that basis deny those allegations.

27. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 and on that basis deny those allegations.

28. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28 and on that basis deny those allegations.

## SECOND CAUSE OF ACTION

29. With respect to Paragraph 29 of the Complaint, which incorporates by reference Paragraphs 1 through 28, Defendants' responses to Paragraphs 1 through 28 remain the same.

30. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 and on that basis deny those allegations.

31. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31 and on that basis deny those allegations.

32. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32 and on that basis deny those allegations.

33. Paragraph 33 consists solely of argument and/or a legal conclusion to which no response is required. Out of an abundance of caution, Defendants deny each and every allegation contained in Paragraph 33.

34. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 34 and on that basis deny those allegations.

35. All allegations in the Complaint not otherwise admitted are all denied.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

The unverified Complaint, and each cause of action it alleges, fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies)**

Plaintiff has failed to exhaust its administrative remedies.

**THIRD AFFIRMATIVE DEFENSE**

**(Federal Preemption)**

Plaintiff is barred from bringing claims based on state law to the extent the Complaint, and each allegation it alleges, is, in whole or part, preempted by federal law.

**FOURTH AFFIRMATIVE DEFENSE**

**(Total Performance)**

Defendants have fully performed each, any, and all obligations under all statutory and/or contractual requirements with Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff, by reason of its conduct and actions, has waived the right, if any, to pursue the claims set forth in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Plaintiff is estopped by its conduct and actions from asserting the claims set forth in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiff's Complaint, and each claim contained therein, is barred by the applicable statutes of limitations, including, but not limited to, Code of Civil Procedure sections 337, 338, 339 and 343.  Plaintiff's claims are barred by the applicable period of limitations contained in state or federal law governing the timely submission of claims.  Plaintiff is barred from seeking payment on those claims that were not timely submitted to Defendants for payment.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Laches)**

The Complaint, and each allegation it alleges, as well as the individually disputed claims which are the basis for Plaintiff's alleged damages, are barred by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

**(Offset)**

Plaintiff is not entitled to the relief requested in its Complaint because any amounts to which Plaintiff may otherwise be entitled are properly set off against amounts owing from Plaintiff to Defendants.

**TENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The Complaint, each allegation it alleges, and all separate, disputed claims included therein are barred by Plaintiff's unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Statutory Violations)**

Defendants complied with all statutory and/or regulatory obligations with regard to payment to a non-contracted provider. To the extent Plaintiff's claims are premised on Defendants' alleged failure to comply with obligations created by statute, Defendants complied with all statutory and regulatory obligations required of health plans under applicable state and federal law.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Misrepresentation and Deceit)**

Plaintiff is not entitled to the relief requested in its Complaint because any obligations of Defendants to Plaintiff have been excused by acts of misrepresentation and deceit practiced by Plaintiff on Defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Unreasonable Charges)**

Plaintiff cannot recover full billed charges from Defendants in part because Plaintiff's full billed charges are neither reasonable nor customary. Plaintiff's full billed charges for the hospital services provided to the members bear no rational relationship to the actual costs or demand for the specific services provided to the members. Moreover, Defendants never agreed to pay Plaintiff for services provided at Plaintiff's full billed rates. Plaintiff's full billed charges are not consistent with the reasonable costs that an efficient hospital provider treating similar patients

would incur for similar items, services, or supplies.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Specificity)**

Plaintiff's claims are barred because Plaintiff has failed to plead its claims with the requisite particularity.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

Plaintiff's claims are barred, in whole or in part, because any such recovery would be a windfall resulting in unjust enrichment to Plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Plan Exclusions)**

Plaintiff's claims are barred, in whole or in part, because the benefits provided by Defendants do not cover the items, services, and supplies represented in Plaintiff's claims.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Other Responsible Payors)**

Defendants are not financially responsible for paying claims for services that are the financial responsibility of one of Defendants' delegated entities or subsidiaries. In addition, to the extent other health coverage was available to Plaintiff's patients pursuant to other benefits, health plans or insurance policies, whether made part of the present action or not, doctrines of equity and the specific terms of the allegedly issued health plans or policies reduce or eliminate any obligation allegedly owing to Plaintiff by Defendants.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Benefit Period)**

The Complaint, and each cause of action therein, is barred, in whole or in part, to the extent that items, services, and supplies were provided to Plaintiff's patients outside of the period the patients were allegedly Defendants' members.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Recovery from Other Parties)**

Defendants allege the amounts potentially recoverable, if any, from Defendants must be reduced or offset by recoveries Plaintiff has already obtained from other sources, including, but not limited to, Plaintiff's patients, and any other health plans, insurance policies, or third parties.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff is not entitled to the relief requested in its Complaint because Plaintiff has failed to mitigate any damages and/or loss, if any, as alleged in the Complaint.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Lack of Consideration)**

The breach of written contract and quantum meruit causes of action in the Complaint are barred due to a lack of good consideration to form any contract.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Mistake)**

To the extent any contract was formed as alleged in the Complaint, which Defendants specifically deny, the breach of written contract and quantum meruit causes of action in the Complaint are barred by reasons of the provisions of Civil Code sections 1567, 1576, 1577, and 1578 regarding mistake of law or fact.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Unconscionability)**

To the extent any contract was formed as alleged in the Complaint, which Defendants specifically deny, the breach of written contract and quantum meruit causes of action in the Complaint are barred due to the unconscionable nature of the alleged agreements at issue in the Complaint.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Contrary to Public Policy)**

To the extent any contract was formed as alleged in the Complaint, which Defendants

specifically deny, the breach of written contract and quantum meruit causes of action in the Complaint are barred by reasons of the provisions of Civil Code sections 1667 and 1668 regarding contracts contrary to public policy.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Accord and Satisfaction)**

To the extent any contract was formed as alleged in the Complaint, which Defendants specifically deny, the breach of written contract and quantum meruit causes of action in the Complaint are barred by the doctrine of accord and satisfaction.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(Fraud)**

To the extent any contract was formed as alleged in the Complaint, which Defendants specifically deny, the breach of written contract and quantum meruit causes of action in the Complaint are barred by reasons of the provisions of Civil Code sections 1567 and 1571-74 regarding fraud.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

**(Improper Party)**

Plaintiff is not entitled to the relief requested against Defendants, as Defendants have been improperly named in this lawsuit.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

**(Consent)**

Plaintiff, by reason of its knowledge, statements and conduct, consented to all of the acts or omissions on the part of the Defendants, if any.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

**(Good Faith)**

At all times, Defendants' treatment of Plaintiff was just, fair, privileged, with good cause, non-discriminatory and in good faith.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Plaintiff's Breach of Contract)**

To the extent any contract was formed as alleged in the Complaint, which Defendants specifically deny, Plaintiff is not entitled to the relief requested in the Complaint because Plaintiff has materially breached the terms of any valid or enforceable agreement between Plaintiff and Defendants.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Third Party Fault)**

Plaintiff is not entitled to the relief requested in the Complaint because persons or entities other than Defendants were legally responsible or otherwise at fault for the losses and damages alleged in the Complaint.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Indemnity / Contribution)**

Should Plaintiff recover any damages from Defendants, Defendants are entitled to contribution and/or indemnification, in whole or in part, from any persons or entities whose fault legally contributed to Plaintiff's alleged damages or loss, if any.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Other Affirmative Defenses)**

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unknown, affirmative defenses. Defendants reserve the right to amend their Answer and/or defenses, to assert additional affirmative defenses, and to supplement, alter, or change their answers upon discovery of additional facts.

WHEREFORE, Defendants pray as follows:

1. For a judgment whereby Plaintiff takes nothing against Defendants, and that Plaintiff be granted no relief by reason of the Complaint;

2. For judgment in favor of Defendant on each of the causes of action stated in Plaintiff's Complaint;

3. For attorney's fees incurred in defense of Plaintiff's Complaint;

1    4.    For costs of suit incurred herein, according to proof; and

2    For such other and further relief as the Court may deem just and proper in the

3 circumstances.

4

5 DATED: November 13, 2018            DAPONDE SIMPSON ROWE PC

6

7                                    By:    */s/ Eunice C. Majam-Simpson*
                                          EUNICE C. MAJAM-SIMPSON
8                                          DARCY L. MUILENBURG
                                             Attorneys for Defendants
9                                              HUMANA, INC. and
                                          HUMANA INSURANCE COMPANY
10

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Sacramento, State of California. My business address is 500 Capitol Mall, Suite 2260, Sacramento, CA 95814.

On November 13, 2018, I served a true copy of the following document described as: **DEFENDANT HUMANA INC. AND HUMANA INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

Barry Sullivan, Esq.
Richard A. Lovich, Esq.
Joy Y. Stephenson, Esq.
Karlene J. Rogers-Aberman, Esq.
Jin Hee Park, Esq.
Stephenson, Acquisto & Colman
303 N. Glenoaks Blvd., Suite 700
Burbank, CA  91502

*Attorneys for Plaintiffs*
*Stanford Health Care, a California nonprofit public benefit corporation, et al.*

☒ **BY ELECTRONIC FILING AND SERVICE PURSUANT TO LOCAL RULE 5-3.3:** I caused the document(s) listed above to be electronically delivered via the Court's Electronic Filing System which constitutes service, pursuant to Local Rule 5-1.(e)(3) of the United States District Court, Northern District of California, upon the counsel listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 13, 2018, at Sacramento, California.

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Laurie Westoby*
　　　　　　　　　　　　　　　　　　　　　　　LAURIE WESTOBY

00134171.2

PROOF OF SERVICE